# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0676-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

V.M.B.,

    Defendant-Appellant.

_____

          Submitted September 27, 2017 — Decided October 26, 2017

          Before Judges Nugent and Currier.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 08-08-0747.

          Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

          Thomas K. Isenhour, Acting Union County Prosecutor, attorney for respondent (Cynthia L. Ritter, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant V.M.B. appeals from the denial of his post-conviction relief (PCR) petition. Defendant claims ineffective

assistance of trial and appellate counsel in their failure to adequately challenge the admissibility of his videotaped confessions and for "depriving defendant of his constitutional right to testify on his own behalf."  Because we find that defendant has failed to present a prima facie showing of ineffective counsel, we affirm.

Defendant was charged in an indictment with multiple counts of aggravated sexual assault and endangering the welfare of a child related to alleged sexual contact with his four minor step-grandchildren.  He was tried before a jury, found guilty on twenty counts and sentenced to an aggregate seventy-nine year period of incarceration.  We affirmed the conviction.  State v. V.M.B., No. A-0621-10 (App. Div. July 8, 2013), certif. denied, 217 N.J. 287 (2014).

Prior to trial, defendant moved to dismiss his videotaped confession.  After a hearing, the trial judge found defendant's waiver of his Miranda[1] rights was knowing and voluntary.  The Miranda form given to defendant was written in both English and Spanish, and the detectives explained the Miranda rights to defendant several times, in both languages.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The judge denied the motion to suppress, stating: "[t]here is no doubt in the totality of everything that is here that he knowingly, voluntarily entered into this agreement to talk. There was no pressure, either direct or implied. There was no physical discomfort that would affect his ability to focus and understand. His answers were clear."

Defendant filed a PCR petition pro se, and thereafter, assigned counsel filed a brief. Defendant asserted that his trial counsel was constitutionally ineffective at the suppression hearing and in failing to call him as a witness, and that appellate counsel was ineffective in failing to adequately challenge the trial court's ruling on the suppression motion.

At oral argument on the PCR motion, defense counsel argued that defendant gave a false confession to the investigating detectives because he was "under duress" during the interrogation. Counsel stated that the detectives were screaming at defendant during the video interview, causing him fear. Defendant asserts he is particularly prone to fear of police because he was born in Honduras, where the police torture people. Defendant states his trial counsel failed to make these arguments at the suppression hearing. Defendant also argued that trial counsel did not call defendant to testify at either the suppression hearing or trial.

A-0676-15T2

In a comprehensive oral decision on May 22, 2015, the PCR judge[2] found that, based on the DVD recording of the interview and the trial court's colloquy with defendant, the arguments lacked credibility. The judge noted that the detectives went over defendant's Miranda rights with him for more than nineteen minutes, calmly answering all of defendant's questions.

In addressing defendant's second argument, that he was denied his right to testify, the judge referred to the colloquy that took place between defendant and the trial judge. The PCR judge stated:

> [D]uring that colloquy with the trial court, [defendant] specifically told the [c]ourt that he understood he had the right to testify and he understood . . . that right was not his attorney's; [and] it was his right personally to decide whether or not he could testify in this case.
>
> And more importantly, he then went on to talk about the fact that his attorney had spoken to him about testifying in the preceding days. Now for him to now claim that his attorney did not prepare him to testify is simply not credible in the face of that colloquy before the [c]ourt.

The judge concluded that defendant had failed to satisfy either prong of Strickland,[3] and denied the PCR petition.

On appeal, defendant argues:

_____

[2] A different judge presided over the PCR hearing.

[3] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

POINT I: DEFENDANT HAS SUBMITTED PRIMA FACIE EVIDENCE REQUIRING HE BE GRANTED AN EVIDENTIARY HEARING ON POST CONVICTION RELIEF.

POINT II: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF.

A. Counsel was ineffective for failing to adequately challenge the admissibility of his statement and any evidence obtained as a result thereof.

B. Counsel was ineffective for depriving defendant of his constitutional right to testify on his own behalf.

POINT III: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT IV: UNDER THE DOCTRINE OF CUMULATIVE ERROR A NEW TRIAL SHOULD BE ORDERED PURSUANT TO STATE v. ORECCHIO, 16 N.J. 125, 129 (1954).

We are not persuaded by these arguments. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland, supra, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States

Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

We are satisfied from our review of the record that defendant failed to demonstrate the ineffectiveness of trial counsel within the Strickland-Fritz test. The evidence does not support defendant's argument that he had a "rational fear of the police." The record shows that defendant was advised of his rights, understood those rights, and willingly and knowingly waived his rights during the taped interview with two calm, plain clothed detectives. As we stated in State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999), a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." He must allege facts, supported by affidavits or certifications, "sufficient to demonstrate counsel's alleged substandard performance." Ibid. Defendant has provided nothing more than an unsupported statement.

We also find no merit in defendant's argument regarding the second prong. Defendant contends that he was prejudiced because of counsel's failure to call him as a witness. He fails, however,

to explain how the outcome of the case would have been any different had he testified.

As the PCR judge noted, even if defendant's confession was suppressed or defendant had testified, the result would likely have been the same. In addition to defendant's taped confession, the State produced a video of defendant molesting one of his victims, the testimony of all four of his victims, and other witnesses corroborating the State's version of events. Even taking the facts in a light most favorable to defendant, it is highly unlikely that his testimony could have overcome the abundance of evidence produced by the State and changed the outcome of the case.[4] Defendant has not proven by a preponderance of the evidence that he was denied effective assistance of either trial or appellate counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Defendant asserts that appellate counsel was ineffective for failing to argue in the direct appeal that trial counsel did not call him as a witness at the suppression hearing. For the reasons already discussed, we find this argument to be without merit.